Gipson *et al. v.* Shanklin.

No. 9522.

GIPSON ET AL. *v.* SHANKLIN.

PRACTICE.—*Pleading.*—*Harmless Error.*—The sustaining of a demurrer to a paragraph of answer, proof of which is admissible under another paragraph upon which issue is formed, is harmless.

PROMISSORY NOTE.—*Interest.*— *Usury.*—*Judgment.*—Where a party, against whom a judgment has been obtained, procures satisfaction thereof by giving his negotiable note for the amount of the judgment payable at a future day, he can not, in a suit upon the note, plead that the judgment was obtained on a note which was in part for illegal interest.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*J. Claybaugh* and *B. K. Higinbotham,* for appellee.

FRANKLIN, C.—Appellee sued appellants upon a promissory note. The complaint was in the usual form. Appellants answered in seven paragraphs. A demurrer was sustained to the 2d, 6th and 7th, and overruled as to the other paragraphs. Trial by the court; special finding, with conclusions of law, in favor of appellee, and, over a motion for a new trial, judgment on finding.

The errors assigned are the sustaining of the demurrers to each of the 2d, 6th and 7th paragraphs of the answer, error in the conclusions of law, and in overruling the motion for a new trial.

The note was for $1,312.40, with several credits endorsed thereon, and was commercial paper, being made payable at a bank within this State.

The second paragraph of the answer is very lengthy, and substantially states, that on the 17th day of February, 1877, in the Boone Circuit Court, the plaintiff recovered a judgment against appellant Gipson, Hugh T. Ferguson and William R. King; that the said Ferguson was principal in the indebtedness, and the said appellant and King were his sureties; that the judgment was rendered jointly against all of them, without showing the suretyship; that afterwards said appellant Gipson and said appellee Shanklin agreed that, for and in consideration that said appellant Gipson and said McClamrock, as his surety, would execute the note herein sued upon, appellee would assign said judgment to said Gipson; that said note was so executed for and in consideration of said agreement to so assign said judgment, and for no other

consideration whatever; that said appellee, instead of so assigning said judgment, entered the same satisfied; wherefore the consideration of the note has wholly failed.

The same facts substantially are pleaded in the 7th paragraph.

In the 6th paragraph, usury is alleged to have existed in the note upon which the original judgment was rendered, and it is asked to have such usury deducted from the amount of the note herein sued upon.

The substance of the same matters stated in the 2d and 7th paragraphs was also stated in the 3d paragraph, to which a demurrer was overruled, upon which an issue was formed, and under which, according to the special findings of the court, evidence was heard of all the material facts of the 2d and 7th paragraphs.

The sustaining of the demurrers to the 2d and 7th paragraphs could not do the appellants any harm. It is therefore unnecessary to decide whether the ruling was correct or erroneous.

The sustaining of the demurrer to the 6th paragraph of the answer was clearly right. If usury existed in the original note, when the judgment was rendered upon it was the time to make that defence; it is too late afterwards; the judgment can not be collaterally attacked in that way.

The fourth specification of error is, that the court erred in its conclusions of law and rendering judgment upon the facts found.

The special findings are as follows:

"1st. That on the 30th day of December, 1875, one Hugh T. Ferguson being indebted to the plaintiff in the sum of $1,150, the said Hugh T. Ferguson as principal, and one William R. King, and the defendant Samuel P. Gipson, as sureties, executed their promissory note, of said date, to said plaintiff, for said sum, due and payable one year after the date thereof.

"2d. That afterwards, and on the 19th day of January,

1877, said note being due and not paid, the said plaintiff instituted suit thereon in the Boone Circuit Court, in and for the county of Boone, and State of Indiana, against all the makers thereof, and that such proceedings were had in said cause, that afterwards, and on the 17th day of February, 1877, said plaintiff recovered in said suit, on said note, a joint judgment against the said defendant Gipson and the said Ferguson, by default, for the sum of $1,222.75, and his costs taxed at $26.15, and accruing costs; and the said King having filed his separate answer in said suit, denying the execution of said note, such further proceedings were had in said cause, that afterwards, and on the 18th day of February, 1877, said plaintiff recovered judgment on said note, in said suit against the said King, for the sum of $1,206.69, and costs of suit taxed at $——, and accruing costs.

"3d. That said judgment so recovered by said plaintiff was rendered jointly against all of said defendants.

"4th. That the said Gipson and the said King, nor either of them in said suit, or in any other proceeding, at the time of the rendition of said judgment, or at any other time, are adjudged sureties on said note.

"5th. That afterwards the plaintiff agreed with the defendant Gipson to accept the promissory note of the said Gipson, if well secured, in payment to him of said judgment, and in discharge of the same, and to give said Gipson further time for the payment of said debt.

"6th. That in pursuance of said agreement, so made by and between the said plaintiff and the said Gipson, the said Gipson did, on the 7th day of November, 1877, execute to the plaintiff the note sued upon, for the sum of $1,312.40, with the defendant Robert McClamrock as his surety, due twelve months after date, bearing ten per cent. interest after maturity, and with ten per cent. attorney's fees, and waiving all relief from valuation and appraisement laws.

"7th. That said note sued on was executed by said Gipson as principal, and the said McClamrock as his surety, to said

plaintiff, in full payment and satisfaction to said plaintiff of said judgment against the said Gipson, King and Ferguson, and for no other or different consideration.

" 8th. That there was no agreement between the said plaintiff and the defendant Gipson for the assignment of the said judgment by the said plaintiff to the said defendant Gipson, and that said note was not given in consideration of such agreement.

" 9th. That the said plaintiff, after receiving said note sued on, entered of record full satisfaction of said judgment on the judgment docket of said Boone Circuit Court, at the place of the entry of said judgment.

" 10th. That there have been the following payments made on said note: January 21st, 1879, $85; December 8th, 1879, $85; February 9th, 1880, $200. That there is due and unpaid on said note sued on, balance of principal and interest, $1,235.25, and $94.25, attorney's fees, making in all $1,329.50.

" 11th. And the court finds, as conclusions of law from said facts: That said defendant Gipson became and was legally bound to the plaintiff on said first named note, executed by said Gipson, King and Ferguson, for the full amount thereof, and also in said judgment rendered on said note in the said Boone Circuit Court.

" 12th. That the execution of said note sued on, in consideration of the satisfaction and discharge of said judgment, was based upon a full and valuable consideration.

" 13th. That the plaintiff ought to recover on said note sued on the balance due thereon, to wit, $1,329.50, against the said Gipson as principal and the said McClamrock as surety."

These special findings were made at the request of the appellants, and signed by the judge; and they state the facts so fully and distinctly that we see no room for arriving at any different conclusions of law than those stated by the judge. We see no error in the conclusions of law.

The fifth specification of error is the overruling of appellants' motion for a new trial.

The reasons stated in the motion for a new trial are, that the finding is not supported by sufficient evidence, is contrary to law, and the damages assessed are excessive.

The evidence is not made a part of the record, and, in its absence, no question is presented in this court upon the first and second reasons stated for a new trial. As to the third reason for a new trial, that the damages are excessive, the court deducted from the note the amount of the credits endorsed, and assessed the balance of the principal and interest due on the note, to which was added attorney's fees.

We see nothing excessive in the amount of damages assessed.

There was no error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.